12-539-cr
United States v. McCullough

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand thirteen.

Present:  PIERRE N. LEVAL,
          ROBERT A. KATZMANN,
          PETER W. HALL,
                    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                    Appellee,

                    - v -                     No. 12-539-cr

JERRY N. McCULLOUGH,

                    Defendant-Appellant.
_____

For Appellee:              Seth D. DuCharme and David C. James, Assistant United
                           States Attorneys, *for* Loretta E. Lynch, United States Attorney
                           for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellant:   Steven G. Brill, Sullivan & Brill, LLP, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant McCullough appeals from a December 9, 2011, judgment of conviction entered by the United States District Court for the Eastern District of New York (Townes, *J.*) following a jury trial. McCullough was convicted of robbing a post office, conspiring to rob a post office, and unlawfully using a firearm in connection with a crime of violence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, McCullough contends that the district court erred by admitting into evidence records that reflected the location of McCullough's cell phone ("cell-site records"). However, McCullough did not timely move to suppress the records pursuant to Federal Rule of Criminal Procedure 12(b)(3)(c). He consequently has waived the argument. Fed. R. Crim. P. 12(e). While the district court in some situations "may grant relief from the waiver," *id.*, it may not do so where, as here, a defendant "has not provided, much less established, any reasonable excuse for his failure to" raise the suppression issue in a timely fashion, *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003). McCullough's failure to move to suppress the evidence forecloses even plain error review. *Id.*

Second, McCullough contends that his trial counsel's failure to move to suppress the cell-site records constituted ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, McCullough must show that "identified acts or omissions [taken by his counsel] were outside the wide range of professionally competent assistance," *Strickland v.*

2

*Washington*, 466 U.S. 668, 690 (1984), and must also "affirmatively prove prejudice," *id.* at 693.

McCullough cannot demonstrate prejudice. Even if McCullough's counsel had moved to suppress the records, such a motion would have lacked merit. Under the good faith exception to the exclusionary rule, evidence obtained by an officer acting in objectively reasonable reliance on a statute will be admitted unless the statute was "clearly unconstitutional" at the time that the officer obtained the evidence. *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987). Law enforcement officers here relied on 18 U.S.C. § 2703(c) and (d) when they compelled McCullough's cellular service provider to produce the cell-site records. McCullough does not point to any case law predating the government's acquisition of the records that rendered 18 U.S.C. § 2703(c) and (d) "clearly unconstitutional" when applied to the acquisition of historic cell-site records.

McCullough argues that law enforcement was not relying on 18 U.S.C. § 2703(c) and (d) when it compelled his cell-site records because the statute refers to "electronic communication," 18 U.S.C. § 2703(c), and "electronic communication" is defined to exclude "any communication from a tracking device," 18 U.S.C. § 2510(12)(c). "Tracking device" is defined to mean "an electronic or mechanical device which permits the tracking of the movement of a person or object." 18 U.S.C. § 3117(b). McCullough contends that because historic cell-site records reveal such movement, "by the language of the [statute] itself, historical cell site data is not the type of data which Congress sought to allow the Government to obtain under the lower standard of specific and articulable facts." Reply Brief for Defendant-Appellant McCullough at 4.

McCullough misreads the statute. Section 2703(c) refers to records pertaining to a subscriber or customer of an "electronic communication *service*." (emphasis added). "Electronic communication service" is defined as "any service which provides to users thereof

3

the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). McCullough's cell-phone service provided to him the ability to receive wire communications; consequently, he was a subscriber to an electronic communication service pursuant to 18 U.S.C. § 2703(c). *See In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Gov't*, 620 F.3d 304, 310 (3d Cir. 2010) ("[E]ven if the record of a cell phone call does indicate generally where a cell phone was used when a call was made, so that the resulting [cell site location information] was information from a tracking device, that is irrelevant here because the [cell site location information] derives from a 'wire communication' and not an 'electronic communication.'"). We are therefore unpersuaded that law enforcement officials did not act in reliance on 18 U.S.C. § 2703(c) and (d) when they compelled McCullough's cell-phone service provider to produce records pertaining to McCullough.

Finally, McCullough contends that the evidence presented at trial was insufficient to support a guilty verdict. In reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There was more than sufficient evidence here. In particular, McCullough's co-conspirator, Derek Cochran, testified about McCullough's involvement in the robbery. Even "the uncorroborated testimony of a single accomplice" is sufficient evidence "if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990). Cochran's testimony met those requirements. Moreover, his testimony

4

was corroborated by the cell-site records, the surveillance video from the post office, and the testimony of three postal service employees.  We consequently decline McCullough's invitation to disturb the jury's conclusions and the judgment of conviction imposed on him.

We have considered McCullough's remaining arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5